IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE MEDINA,

    Petitioner,                   No. CIV S-09-3346 JAM EFB P

    vs.

KATHLEEN L. DICKINSON, et al.,

    Respondents.               ORDER

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents have filed a motion to dismiss, alleging that petitioner's claims were unexhausted in the state courts and barred by the statute of limitations. Dckt. No. 13. Petitioner filed an opposition. Dckt. No. 17.

        With respect to exhaustion, respondents contend that the California Court of Appeals denied petitioner's application for habeas relief because he failed to provide a sufficient record to enable informed appellate review. They contend "the state record establishes that Medina did not provide the California Court of Appeal and the California Supreme Court with any portion of the contested parole consideration transcript." Dckt. No. 13 at 4. Accordingly, respondents argue that this court must dismiss the instant petition because the state court was not given a fair opportunity to address the merits of petitioner's claims. *Id.*

1    Petitioner argues that he did submit "all necessary and requested documents to the Court
2 of Appeals" and that the court erred in reviewing the record. Dckt. No. 17 at 1. In support of his
3 contention, he cites a page of his brief to the California Court of Appeals listing the parole
4 transcript as an exhibit.

5    A district court may not grant a petition for a writ of habeas corpus unless the petitioner
6 has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state
7 remedies requires that petitioners fairly present federal claims to the highest state court, either on
8 direct appeal or through state collateral proceedings, in order to give the highest state court "the
9 opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*
10 *v. Henry*, 513 U.S. 364, 365 (1995) (internal quotations omitted).

11    The parties disagree as to whether petitioner submitted his parole transcript to the
12 California Court of Appeals and the California Supreme Court.

13    Accordingly, it is hereby ORDERED that, within 14 days of the date of this order, each
14 of the parties shall submit to the court petitioner's complete filings in the California Court of
15 Appeals and the California Supreme Court, along with a declaration attesting to the method of
16 obtaining the filings and the reasons for the party's belief in their completeness.

17 DATED: December 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE